TITUS and SCUDDER *vs.* TODD'S ADMINISTRATOR and ANDERSON.

The acceptance by a creditor of a copartnership, of a note made by one of the partners in the name of the firm, after the death of the other partner, held, under the circumstances, not to discharge the estate of the deceased partner from the debt, there being no evidence from which the conclusion could be drawn, or the implication arise, that the creditor intended to discharge the estate of the deceased partner.

On final hearing on pleadings and proofs.

*Mr. J. S. Aitkin,* for complainants.

*Mr. D. J. Pancoast,* for defendant, Cooper, administrator.

THE CHANCELLOR.

The bill is filed to obtain payment out of the property of James Todd, deceased, of a partnership debt due from the late firm of S. M. Anderson & Co., which was composed of Todd and Samuel M. Anderson, to the complainants, Titus & Scudder. It alleges that Anderson is insolvent, and that fact is proved in the cause. The firm of S. M. Anderson & Co. were in business in Philadelphia for two or three years prior to April 1st, 1872, when the partnership was dissolved by mutual consent. By the agreement of dissolution, Anderson was to settle up the affairs of the concern, and was authorized to use the name of the firm in liquidation. The complainants were a firm doing business in Trenton. During the existence of the firm of S. M. Anderson & Co., the complainants had purchased goods of them on credit, and had consigned goods to them to be sold for them on commission. At the dissolution, Titus & Scudder owed S. M. Anderson & Co., about $2500, for goods sold and delivered by the latter firm to them. At the same time, S. M. Anderson & Co.

owed Titus & Scudder for the proceeds of goods sold on commission, and had on hand unsold, merchandise which had been consigned to them by Titus & Scudder, for sale on commission. Titus & Scudder paid their debt, the last payment on account of it having been made in June, 1872. The balance of the goods consigned was sold by Anderson between the 20th of April, 1872, and the 14th of September, following. The last and final sale, which was to the amount of $96.04, was made on the 30th of September, to the firm of Romberger, Long & Co. Titus & Scudder have not been paid what was due to them at the dissolution for the proceeds of goods sold on consignment, nor have they been paid for those sold afterwards. It appears that the course of dealing between the parties was such that Titus & Scudder received no credit for or on account of goods consigned to S. M. Anderson & Co., to be sold on commission, until the goods had been sold. Nor were the goods entered in the books of the latter firm, till then. In the meantime, a memorandum of the consignment was kept on a loose piece of paper. In May, 1873, Anderson gave to Titus & Scudder, a note for $276.34, the amount of the indebtedness of S. M. Anderson & Co. to them for goods sold on commission. He signed the note with the firm name of S. M. Anderson & Co. Todd, however, was then dead. The note was protested for non-payment, and is produced in the cause, ready to be delivered up.

The administrator of Todd, insists that the acceptance of that note by the complainants, discharged the estate of Todd from all liability to pay the debt or any part of it. But the case discloses no intention whatever on the part of Titus & Scudder, to accept the responsibility of Anderson for the debt due them from the partnership; nor is there any evidence from which the conclusion can be drawn, or the implication arise, that they intended to discharge Todd's estate from liability to them as creditors of the firm of S. M. Anderson & Co. Anderson is one of the defendants. He was called as a witness by the complainants. He was therefore com-

petent to testify in the cause. He says that he gave the note under the authority he had to sign the firm name in liquidation. His language is: "I gave the note in settlement of the old firm's business, as per agreement with Mr. Todd when we dissolved. I was to use the firm's name in settling the business." Under such circumstances as this case presents, the receipt by the complainants of the note referred to, would not be regarded as a bar to their claim against Todd's estate. *Harris* v. *Lindsay,* 4 *Wash. C. C. R.* 98, 271. It appears that the complainants, after the dissolution, contemplated withdrawing the consigned goods remaining unsold, and so stated to Anderson & Todd. Anderson & Todd, however, sold them and used the money in paying their partnership debts.

There will be a decree for the complainants.